UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| RICHARD HINMAN, JR., Individually and for Others Similarly Situated, | CASE NO. _____ |
| v. | FLSA COLLECTIVE ACTION |
| THE E GROUP, LLC | |

**ORIGINAL COMPLAINT**

**SUMMARY**

1. During the relevant time period, The E Group, LLC ("E Group") did not pay overtime as required by the Fair Labor Standards Act ("FLSA").

2. Instead, E Group paid Richard Hinman, and other workers like him, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Hinman brings this collective action to recover unpaid overtime and other damages.

**JURISDICTION AND VENUE**

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division. Specifically, Hinman worked for E Group in this District and Division in Burke County, Georgia.

**THE PARTIES**

6. Hinman was an hourly employee of E Group.

7. His written consent is attached as <u>Exhibit A</u>.

8. Hinman worked for E Group in Waynesboro, Georgia at the Vogtle Nuclear Station Power Plant.

9. E Group employs Hinman and those similarly situated to him.

10. Hinman brings this action on behalf of himself and all other similarly situated workers who were paid the same hourly rate for all hours worked by E Group. E Group paid each of these workers the same amount for each hour worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

11. **The E Group, LLC** may be served with process at Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092 or wherever they may be found.

## COVERAGE UNDER THE FLSA

12. At all relevant times, E Group was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all relevant times, E Group was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, E Group was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

15. At all relevant times, E Group has had an annual gross volume of sales made or business done of not less than $1,000,000 each.

16. At all relevant times, Hinman and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

17. E Group offers "supplemental employees to the region's most sought after power projects [including] long term or contract to hire assignments across the Northeast and Southeast with clients of ours, such as Southern Company Services and Southern Nuclear Operating Company, to name a few."[1]

18. Hinman was an hourly employee of E Group.

19. Hinman earned $63.00 per hour while working at E Group.

20. Hinman had the title of Procedure Writer.

21. Hinman worked for E Group from March 2018 through November 2019.

22. Hinman was not guaranteed a salary.

23. Hinman regularly worked more than 12-hour daily shifts and over 75 hours per week.

24. But E Group paid Hinman at his regular hourly rate for all hours worked in a week, including those over 40 in a week.

25. Thus, rather than receiving time and a half as required by the FLSA, Hinman only received "straight time" pay for the overtime hours he worked.

26. The "straight time for overtime" scheme violated the FLSA.

27. E Group has known about the FLSA, and its overtime requirement, for many years.

28. E Group nonetheless failed to pay certain hourly employees, such as Hinman, overtime.

29. E Group's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

---

[1] *See* http://www.goegroup.com/about-us/ (last visited July 23, 2020).

## COLLECTIVE ACTION ALLEGATIONS

30. E Group's illegal "straight time for overtime" policy extends beyond Hinman.

31. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action.

32. Defendant paid dozens of hourly employees according to the same unlawful scheme.

33. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

34. The workers impacted by Defendant's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

35. Therefore, the class is properly defined as:

**All employees of The E Group, LLC who were paid "straight time for overtime" in the past three years.** (The "Putative Class Members").

## FLSA VIOLATIONS

36. By failing to pay Hinman and the Putative Class Members overtime at one-and-one-half times their regular rates, E Group violated the FLSA's overtime provisions.

37. E Group owes Hinman and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

38. Because E Group knew or showed reckless disregard for whether its pay practices violated the FLSA, E Group owes these wages for at least the past three years.

39. E Group is liable to Hinman and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

40. Hinman and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

41. Hinman demands a trial by jury.

## **PRAYER**

42. Hinman prays for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

   b. Judgment awarding Hinman and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

   c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   d. All such other and further relief to which Hinman and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Troy A. Lanier*

**Troy A. Lanier**
State Bar No. 437775
**TROY A. LANIER, PC**
430 Ellis Street
Augusta, GA 30901
706-823-6800
tlanier@tlanierlaw.com